UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANA BERENICE PALOS-MONTES,<br><br>Defendant. | Criminal Case No. 08MJ1052<br><br>**DETENTION ORDER** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on April 10, 2008, to determine whether defendant Ana Berenice Palos-Montes ("Defendant"), should be held in custody pending trial, on the grounds that Defendant is a flight risk. At the detention hearing, Assistant United States Attorney Michelle M. Pettit appeared on behalf of the United States and Federal Defender Michelle Betancourt appeared on behalf of the Defendant.

Based on the evidence proffered by the United States, the evidence proffered by the Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the Government met its burden to demonstrate by a preponderance of the evidence that Defendant is a flight risk and that there is no condition or combination of conditions that will reasonably assure Defendant's appearance.

///

# I.

# FINDINGS OF FACT

**A.   Nature and Circumstances of the Offense Charged [18 U.S.C.§ 3142(g)(1)]**

    1.   Defendant is charged in Criminal Complaint No. 08MJ1052 with one count of importation of a controlled substance in violation of 21 U.S.C. § 952 and 960.

    2.   Based on the fact the Defendant is charged with importing 12.45 kilograms of cocaine, there is a presumption for detention in accordance with 18 U.S.C. § 3142(e).

    3.   Given the quantity of the controlled substance in this case, the nature and severity of this offense favors detention.

**B.   Weight of the Evidence Against the Defendant [18 U.S.C.§ 3142(g)(2)]**

    1.   Although this factor is to be given the least weight, there is probable cause to believe the Defendant committed the charged offense, which favors detention.

**C.   History and Characteristics of the Defendant [18 U.S.C.§ 3142(g)(3)]**

    1.   **Character:** No evidence has been proffered regarding the Defendant's character. As a result, this factor is treated as neutral.

    2.   **Physical and Mental Condition:** No evidence has been proffered regarding the Defendant's physical and mental condition.  As a result, this factor is treated as neutral.

    3.   **Family Ties:** The Defendant has immediate family ties to Mexico and no ties to the United States.  Accordingly, this factor favors detention.

    4.   **Employment:** The Defendant uses her Border Crossing Card to work as a housekeeper in San Diego.  Therefore, she is an independent contractor, and her work does not give her permanent employment that would anchor her to the community.  Therefore, this factor favors of detention.

    5.   **Financial Resources:** The Defendant does not appear to have any financial ties to this community. Therefore, this factor weighs in favor of detention.

    6.   **Length of Residence in the Community:** The Defendant is a Mexican citizen who has lived in Mexico her entire life.  As such, this factor weighs in favor of detention.

1  |  7.  **Community Ties and Past Conduct:** The "community ties" and "past conduct" factors implicate considerations that are duplicative of other findings already made by the Court in this Order. As a result, these factors will be treated as neutral.

8.  **History Relating to Drug or Alcohol Abuse:** There is no evidence that the Defendant has a history of drug and alcohol abuse. Accordingly, this factor weighs against detention.

9.  **Criminal History:** The Defendant has no prior criminal history, which weighs against detention.

10. **Record Concerning Appearance at Court Proceedings and on Probation, Parole or Other Release:** This factor is not applicable in this case.

## II.

## CONCLUSIONS REGARDING DETENTION

1.  Based on the factors set forth in 18 U.S.C. § 3142(g) and, the presumption for detention in accordance with 18 U.S.C. § 3142(e), the Government has satisfied its burden of demonstrating, by a preponderance of the evidence, that Defendant is a flight risk and that no condition or combination of conditions will reasonably assure the appearance of Defendant at future court proceedings in this case.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver

3

1 | Defendant to the United States Marshal for the purpose of an appearance in connection with a court
2 | proceeding or any other appearance stipulated to by counsel for the defense and for the United
3 | States.
4 |     THIS ORDER IS ENTERED WITHOUT PREJUDICE.
5 |     IT IS SO ORDERED.
6 | DATED:     April 14, 2008
          _____
7 |           The Honorable Ruben B. Brooks
              United States Magistrate Judge

4